UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re<br><br>SERGIO V. SIGMOND and ELVIRA Z. SIGMOND,<br><br>        Debtors | Case No. CIV 05-334-S-BLW<br>[Consolidated]<br><br><br><br>MEMORANDUM DECISION |
| KELLY I. BEEMAN,<br><br>        Appellant,<br><br>vs.<br><br>SERGIO V. SIGMOND and ELVIRA Z. SIGMOND,<br><br>        Appellees. | <br><br><br><br>On Appeal From<br>United States Bankruptcy Court<br>District of Idaho<br>Hon. Terry L. Myers, Bankruptcy Judge<br>Case No. 04-01326 |
| In re<br><br>GARY RISNER and MARIA RISNER,<br><br>        Debtors | Case No. CIV 05-335-S-BLW<br>[Consolidated] |
| KELLY I. BEEMAN,<br><br>        Appellant,<br><br>vs.<br><br>GARY RISNER and MARIA RISNER<br><br>        Appellees | On Appeal From<br>United States Bankruptcy Court<br>District of Idaho<br>Hon. Terry L. Myers, Bankruptcy Judge<br>Case No. 04-02310 |

| | |
|---|---|
| *In re*<br><br>ROSE MOTLEY,<br><br>          Debtor. | Case No. CIV 05-336-S-BLW<br>[Consolidated] |
| KELLY I. BEEMAN,<br><br>          Appellant,<br><br>vs.<br><br>ROSE MOTLEY,<br><br>          Appellee. | On Appeal From<br>United States Bankruptcy Court<br>District of Idaho<br>Hon. Terry L. Myers, Bankruptcy Judge<br>Case No. 04-03116 |
| *In re*<br><br>HENRY L. JONES and DIANA M. JONES<br><br>          Debtors. | Case No. CIV 05-337-S-BLW<br>[Consolidated] |
| KELLY I. BEEMAN,<br><br>          Appellant,<br><br>vs.<br><br>HENRY L. JONES and DIANA M. JONES,<br><br>          Appellees. | On Appeal From<br>United States Bankruptcy Court<br>District of Idaho<br>Hon. Terry L. Myers, Bankruptcy Judge<br>Case No. 04-04267 |

    Kelly I. Beeman has appealed from the judgments of the bankruptcy court entered in favor of Sergio v. and Elvira Z. Sigmond (05-334), Gary and Maria Risner (05-335), Rose Motley (05-336), and Henry L. and Diana M. Jones (05-337) on July 26, 2005. The appeals were consolidated by order entered on September 2, 2005.

The court, having reviewed appellant's brief and the record on appeal, has determined that neither further briefing nor oral argument would be helpful in the determination of this case.[1] The matter is submitted for decision on appellant's brief.

## I – BACKGROUND/JURISDICTION

Each of the appellees filed voluntary petitions in the U.S. Bankruptcy Court for the District of Idaho for relief under the provisions of the Bankruptcy Code using the services of Kelly I. Beeman ("Beeman") as attorney: Sergio V. and Elvira Z. Sigmond ("Sigmond") under chapter 7 on April 14, 2004 (Case No. 04-01326); Gary and Maria Risner ("Risner") under chapter 7 on June 29, 2004 (Case No. 04-02310); Rose Motley ("Motley") on August 30, 2004 (Case No. 04-03116); and Henry L. and Diana M. Jones ("Jones") under chapter 13 on December 1, 2004 (Case No. 04-04267). The three cases filed under chapter 7 were closed in the ordinary course: Sigmond, Case No. 04-01326 on November 26, 2004; Risner, Case No. 04-02310 on March 30, 2005; and Motley, Case No. 04-03116 on January 25, 2005.

On April 21, 2005, the bankruptcy court *sua sponte* issued an Order to Show Cause ("OSC"):[2] (1) reopening the three closed chapter 7 cases; and (2) requiring Beeman to, with respect to each case: (A) explain his conduct relative to informing the Court of the details of certain settlements in the cases, including any recovery of fees or other amounts; (B) justify the adequacy of, or absence of, Rule 2016(b) disclosures; and (C) show that all fees obtained in each of the above referenced cases were reasonable under § 329. The hearing on the Order to Show Cause was set for May 10, 2005. Beeman responded to the Order and a consolidated hearing was held on the date set.[3]

---

[1] *See* FED. R. BANK. P. 8012

[2] Unless otherwise specifically otherwise indicated, all references to sections are to the Bankruptcy Code [title 11, United States Code] in effect prior to amendment by the "Bankruptcy Abuse Prevention and Consumer Protection Act of 2005," PUB. LAW 109-8 and references to rules are to the Federal Rules of Bankruptcy Procedure.

[3] Although the Order to Show Cause and all subsequent documents entered by the bankruptcy court were on a single document including all the matters, the record does not show that the bankruptcy court consolidated the cases for any purpose other than holding a single, consolidated hearing.

3

On July 26, 2005, the bankruptcy court entered its Memorandum of Decision and its final judgment ordering Beeman to disgorge fees to the debtors in the following amounts: Sigmond (04-01326), $562.50; Risner (04-02310), $600.00; Motley (04-03116), $225.00; and Jones (04-0426), $343.75.

On August 5, 2005, Beeman timely filed a Notice of Appeal in each of the above-captioned cases and, concurrently therewith, filed an objection that the cases be heard by the Bankruptcy Appellate Panel for the Ninth Circuit.

This court has jurisdiction under 28 U.S.C. § 158(a)(1), (c)(1)(A).

## II – ISSUES PRESENTED AND STANDARD OF REVIEW

This appeal raises two issues, whether the: (1) Order to Show cause was properly issued, the fact it cited an incorrect rule notwithstanding; and (2) bankruptcy court erred in ordering the amount of the fees found to be excessive refunded to the debtors.

Legal conclusions and mixed questions of fact and law are reviewed *de novo* while factual determinations are reviewed for clear error.[4] "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."[5]

## III – FACTS [6]

Beeman represented the debtors in the above captioned cases and, in each, he filed motions for sanctions against creditors who had allegedly violated the §362 automatic stay. Many of those motions were settled for various and, usually, undisclosed amounts. The bankruptcy court noted this trend in Beeman's practice and reviewed the files to determine if Beeman had properly informed the court of any new

---

[4] *Beaupied v. Chang (In re Chang)*, 163 F.3d 1138, 1140 (9th Cir. 1998).

[5] *Andersen v. Bessemer City*, 470 U.S. 564, 573 (1985).

[6] The facts are fully set out in the Memorandum of Decision entered by the bankruptcy court and are recited here in abbreviated form simply to provide sufficient background to understand the court's decision.

4

compensation agreements with his clients or any compensation received due to these settlements. After reviewing the records, the bankruptcy court issued an order directing Beeman to provide additional information regarding his disclosures and fees received.

After a hearing, the bankruptcy court determined that Beeman had not fully and properly complied with the disclosure requirements of §329 and Rule 2016(b) and that the fees he collected for the services rendered were excessive. The court ordered disgorgement of the excessive fees as set forth above.

## IV – DECISION

Beeman does not contest the determination of the bankruptcy court that the amounts received constituted excessive compensation, conceding that the bankruptcy court's determination would be reviewed on appeal under an abuse of discretion standard and that no such abuse is present in this case. Instead, Beeman contends that (1) the OSC was void because it cited an incorrect subdivision of the applicable Federal Rule of Bankruptcy Procedure and (2) the bankruptcy erred in ordering the excessive fees to be paid to the debtors instead of the creditors who actually paid the fees. Those arguments are addressed *in seriatim*.

A. *Validity of the Order to Show Cause*

Initially, the court notes that the record before this court does not reflect that Beeman raised this issue before the bankruptcy court. Generally, in order for an argument to be considered on appeal, the argument must have been raised sufficiently for the trial court to rule on it.[7/] Since the record does not reveal that this issue was raised before the bankruptcy court, it is waived. Moreover, even if the court were to reach the merits of the argument advanced, Beeman would not prevail.

The bankruptcy court issued the OSC "pursuant to the provisions of 11 U.S.C. § 329(b), § 105(a) and Fed. R. Bankr. P. 2017(a), on the Court's own motion, and for good cause. . ." Beeman argues that Rule 2017(a) applies to compensation paid or promised to be paid prepetition; Rule 2017(b) applies to postpetition fees. Beeman is

---

[7/] *A - 1 Ambulance Service, Inc. v. County of Monterey*, 90 F.3d 333, 338 (9th Cir. 1996); *O'Rourke v. Seaboard Surety Co. (In re E.R. Fergert, Inc.)*, 887 F.2d 955, 957 (9th Cir. 1989).

correct in this;[8] however, that does not necessarily compel the result Beeman seeks. Beeman does not cite any authority for the proposition that citing the incorrect authority renders the OSC void and independent research by the court has not found any such authority.  No court has held, and the court declines to so hold, that the recitation of the authority for issuing an OSC is either a jurisdictional requirement or necessary to its validity.  All that is required before a court may impose sanctions on an attorney is that the attorney be accorded due process, *i.e.* be given (1) notice of the grounds for, and possible types of sanctions to be imposed, and (2) an opportunity to be heard.[9]  That Beeman was accorded due process is not only readily apparent from the record but is not raised as an issue on this appeal.

Perhaps more importantly, is the fact that Beeman expressly concedes that the bankruptcy court could have properly acted had the OSC cited Rule 2017(b).  On appeal this court may affirm the decision of the bankruptcy court on any grounds supported by the record, even if the bankruptcy court relied on different grounds[10] or the wrong grounds or reasoning.[11]  Adherence to that rule is particularly appropriate where, as in the case a bar, the defect, if there was in fact a defect, was easily remedied had

---

[8] **Rule 2017. Examination of Debtor's Transactions with Debtor's Attorney**
**(a) Payment or transfer to attorney before order for relief**
On motion by any party in interest or on the court's own initiative, the court after notice and a hearing may determine whether any payment of money or any transfer of property by the debtor, made directly or indirectly and in contemplation of the filing of a petition under the Code by or against the debtor or before entry of the order for relief in an involuntary case, to an attorney for services rendered or to be rendered is excessive.
**(b) Payment or transfer to attorney after order for relief**
On motion by the debtor, the United States trustee, or on the court's own initiative, the court after notice and a hearing may determine whether any payment of money or any transfer of property, or any agreement therefor, by the debtor to an attorney after entry of an order for relief in a case under the Code is excessive, whether the payment or transfer is made or is to be made directly or indirectly, if the payment, transfer, or agreement therefor is for services in any way related to the case.

[9] *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005).

[10] *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 n. 4 (9th Cir. 2000).

[11] *Beal Bank v. Crystal Properties, Ltd. (In re Crystal Properties, Ltd.)*, 268 F.3d 743, 755 (9th Cir. 2001).

the attention of the bankruptcy court been invited to it.  Nor, for that matter, has Beeman claimed, nor could he, that he suffered any prejudice as a result of the incorrect citation.

B. *Payment to Debtors*

Beeman argues that the bankruptcy court erred in ordering the excessive fees be paid to the debtors because the creditors, not the debtors, actually made the payments. Although Beeman is correct that the excessive fees must be returned to the entity that made the payment,[12] under the facts of this case his position is specious.

First in each case, except Jones (04-04267), the bankruptcy court found that the fee agreements were contingency fee.  This finding is neither contested by Beeman nor clearly erroneous.  Second, the bankruptcy court also found in each case that, although the "source" of the funds originated with the respective creditors in settling the actions brought against them for automatic stay violations under §362(h),[13] the settlement proceeds were paid to the clients.  This finding is also uncontested by Beeman and not clearly erroneous; in fact, any contrary finding would be clearly erroneously in light of the express language in §362(h) that it is the "individual injured" who is entitled to recover the attorney's fees and costs, not the attorney.  In short, the bankruptcy court correctly found that, although the clients received the funds used to pay Beeman from the creditors, those funds were the clients'.  Whether the clients used those funds or others to pay Beeman's fees, the fees were paid by the clients not the creditors.

---

[12] **§329. Debtor's transactions with attorneys**

\* \* \* \*

(b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to—
    (1) the estate, if the property transferred—
        (A) would have been property of the estate; or
        (B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or
    (2) the entity that made such payment.

[13] **§362. Automatic stay**

\* \* \* \*

(h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

7

## V – CONCLUSION

For the foregoing reasons the judgment of the bankruptcy court is AFFIRMED.

Dated: November 14, 2005

                                                          <u>s/ Ralph R. Beistline</u>
                                                           RALPH R. BEISTLINE
                                                          United States District Judge